

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIN LIU, | No. 09-73140 |
| Petitioner, | Agency No. A079-630-864 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Petitioner Min Liu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' (BIA) order denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We deny in part and dismiss in part the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Because the BIA expressly adopted the [Immigration Judge's ("IJ")] decision under *Matter of Burbano* [20 I. & N. Dec. 872 (B.I.A. 1994)], but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

We lack jurisdiction to review the fact-based finding that Liu's asylum application was time-barred and did not qualify for the "extraordinary circumstances" exception. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(2)(D), and (a)(3); *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013); *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) ("Where the underlying facts are disputed . . . we lack jurisdiction to review the Board's extraordinary circumstances determination.").

Liu contends that "extraordinary circumstances" excused her late filing, namely that her untimeliness was caused by her mistaken assumption that her husband's asylum application was still pending (when in fact it had been denied) and by her post-traumatic stress disorder. The IJ rejected both of these arguments: she found that Liu was not credible in claiming that she did not know the status of her husband's application and that her untimely filing was not caused by her PTSD. The BIA, in turn, adopted these findings. Thus, because the "extraordinary circumstances" determination rests on the resolution of underlying factual and

credibility disputes, we must dismiss for lack of jurisdiction the portion of Liu's petition challenging the denial of asylum. *See*, *e.g.*, *Sumolang*, 723 F.3d at 1082 (court lacked jurisdiction to review IJ's factual determination that petitioner's "filing delay was caused by her ignorance of the one-year filing deadline, not—as [petitioner] claimed—by the psychological trauma she experienced in the wake of [her daughter's] death").

We do have jurisdiction, however, to review Liu's claims for withholding of removal and CAT protection, which are not subject to the one-year time bar in 8 U.S.C. § 1158(a)(2)(B). Liu's claims for withholding of removal and CAT protection were largely based on her assertion that she had been subjected to the forcible insertion of an IUD in China. The IJ found, however, that Liu was not a credible witness and thus was unable to satisfy her burden of proving that the IUD was forcibly inserted.

We review adverse credibility determinations for substantial evidence and apply the standards created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Here, the IJ's determination was supported by substantial evidence. First, the IJ found that Liu's testimony regarding her knowledge about the status of her husband's asylum application was contradicted by the testimony of a deportation officer, the sworn statement he took from her,

and the I-213 form he prepared. The IJ also highlighted internal inconsistencies between Liu's testimony on direct examination and cross examination. The totality of these inconsistencies provided substantial evidence sufficient to uphold the adverse credibility determination. *See id.* at 1047 (adverse credibility determination was supported based on totality of the circumstances). In the absence of credible testimony, Liu's withholding of removal claim fails. *Id.* at 1048 n.6 (adverse credibility determination is sufficient to deny withholding of removal). Moreover, because Liu's CAT claim is based on the same testimony and because the record does not otherwise compel the conclusion that it is more likely than not that she will be tortured if returned to China, her CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

We **DENY in part** and **DISMISS in part** the petition for review.